Jeremy I. Lessem, Esq (SBN 213406)
Jamal L. Tooson, Esq (SBN 261373)
Lessem, Newstat & Tooson, LLP
3450 Cahuenga Blvd W.  Ste. 102
Los Angeles, CA 90068
Phone 818-582-3087 | Fax 818-484-3087
Jeremy@LnLegal.com
JTooson@LnLegal.com

Karen Joynt (SBN 206332)
Law Office of Karen C. Joynt
225 S. Lake Ave., Suite 300
Pasadena, CA 91101
Phone (818) 452-5145

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE BEIRNE and KEVIN BEIRNE, parents of ALEXANDER BEIRNE individually, and as representatives of the estate of ALEXANDER BEIRNE,<br><br>    Plaintiffs,<br><br>    vs.<br><br>COUNTY OF VENTURA, SHERIFF WILLIAM AYUB, DOES 1 THROUGH 100,INCLUSIVE,<br><br>    Defendants | Case No.: **2:20-CV-3428**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1.  42 U.S.C. §1983 – Failure to Provide Medical Care and Safe Conditions<br>2.  42 U.S.C. §1983 – *Monell*<br>3.  42 U.S.C. §1983 – Supervisor<br>4.  42 U.S.C. §1983 – Substantive Due Process<br>5.  Negligence<br>6.  Government Code §845.6<br>7.  Civil Code §52.1 – Bane Act |

**INTRODUCTION**

## I.   JURISDICTION AND VENUE

1.    This case arises under 42 U.S.C. §1983. Accordingly, subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343.

2.    Plaintiffs' claims arise out of a course of conduct involving officials from the County of Ventura, State of California, and within this judicial district.

3.    Plaintiffs have exhausted their remedies pursuant to Cal. Gov. § 910 et seq. by serving a Notice of Claim on February 11, 2020. That claim was denied on March 2, 2020.

## II.   PARTIES

4.    Decedent Alexander Beirne was, at all times relevant hereto, a resident of the County of Ventura.

5.    Plaintiff Christine Beirne is the mother and successor in interest and an heir at law of Alexander Beirne, the deceased. Plaintiff is a resident of the State of California and resided within the State of California and the County of Ventura at all times herein alleged. She brings this claim for herself personally, as Alexander Beirne's successor in interest, and heir and as the personal representative of the estate.

6.    Plaintiff Kevin Beirne is the father and successor in interest and an heir at law of Alexander Beirne, the deceased. Plaintiff is a resident of the State of California and resided within the State of California and the County of Ventura at all times herein alleged. He brings this claim for himself personally, as Alexander Beirne's successor in interest, and heir and as the personal representative of the estate.

7.    Defendant Sheriff William Ayub was, at all times mentioned herein, the Sheriff of Ventura County, and in charge of The Ventura County Pre-trial Detention Facility located at 800 South Victoria Ave, Ventura, California 93009, the facility where decedent Alexander Beirne was being held at the time of his death. Defendant Ayub was responsible for the administration of the Ventura County Pre-Trial Detention Facility, including the jail holding facility; for the selection, promotion, supervision, training, discipline and retention of agents and employees working within the Ventura County Pre-

Trial Detention Facility (also referred to herein as "Jail,") including police officers, custodial staff, counselors, advisors, nurses, doctors, physician assistants, medical staff, mental health staff and supervisors; and for the implementation of policies and procedures at the Ventura County Pre-Trial Detention Facility. He was responsible for the care, custody and control of all individuals detained in the Ventura County Pre-Trial Detention Facility, including the jail holding facility. Defendant Ayub was acting under color of law.  Defendant Ayub is sued in his official capacity as well as his individual capacity, as a supervisor for his own culpable action or inaction in the training, supervision or control of his subordinates, or his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed reckless or callous indifference for others. Defendant Ayub's affirmative conduct involves his knowing failure to ensure enforcement of policies, rules or directives that set in motion a series of acts by others which he knew or reasonably should have known would cause others to inflict injuries, including a constitutional injury, on Alexander Beirne.

8.      Defendant Ventura County ("Defendant County") is a legal and political entity established under the laws of the State of California, with all the powers specified and necessarily implied by the Constitution and the laws of the State of California and exercised by various government agents and officers. Defendant County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and employees. At all relevant times, Defendant County was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, Defendant County was the employer of each of the individually named defendants, including unknown Doe Defendants, and the Ventura County Pre-Trial Detention Facility was a facility maintained, operated staffed and run by Defendant County and its agents.

9.      Defendant County of Ventura is vicariously liable for the acts of their employees under Government Code §815.2.

10.     Plaintiffs are informed and believe and thereon allege that Defendants sued herein as DOES 1 through 100, inclusive, were employees of Defendant County, including but

not limited to, officers and civilian staff of the Ventura County Pre-Trial Detention Facility, Ventura County Fire Department, and Ventura County Health Care Agency and were at all relevant times acting in the course and scope of their employment and agency and under color of law. Each Defendant is the agent of the other. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained.

11.     Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-Defendants. Each paragraph of this Complaint is expressly incorporated into each cause of action which is a part of this Complaint. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Decedent and Plaintiffs.

12.     Plaintiffs are informed, believe, and thereon allege that at all times material herein, each fictitiously named Defendant, was either the true Defendant or the agent and employee of each other Defendant and in doing the things alleged herein, was acting within the scope and purpose of such agency and with the permission and consent of, and their actions were ratified by, the other Defendants.

13.     To the extent a claim is based on violation of Alexander Beirne's rights, such claim is asserted as a survival claim as allowed by California Code of Civil Procedure § 377.30 and 377.34 and other relevant law.

### III.    FACTS RELEVANT TO ALL CAUSES OF ACTION

14.     Alexander Beirne was 38 years old and in good physical health at the time of his death. He previously lived with his mother and father, Christine Beirne and Kevin Beirne. The family had a loving relationship.

15.     Alexander Beirne suffered from documented mental illness which, in turn, led him to develop substance abuse issues.

16.     On or about August 22, 2019, Decedent Alexander Beirne was arrested on a warrant and taken to the Ventura County Jail, located at 800 South Victoria Ave., Ventura, CA 93009.

17.     Prior to that warrant, Mr. Beirne was on probation after having been released from custody to participate in a dual diagnosis treatment facility.  He successfully  completed the program and remained at home on probation.

18.     After completion of the dual diagnosis program, Mr. Beirne attempted as best as he could to comply with the terms of probation, but his mental health gradually deteriorated.  Eventually, a warrant issued based on an allegation of a probation violation.

19.     During the booking process, Mr. Beirne underwent a wholly insufficient medical clearance process that failed to identify his serious mental illness and need for treatment despite Jail medical records from previous stays being replete with references to his mental health history.

20.     Throughout his stay, Mr. Beirne reported his mental health needs to staff including submission of health request forms on multiple occasions.  Mr. Beirne explicitly stated that he urgently needed mental health attention.

21.     Despite these explicit requests and his known mental health history, Jail staff failed to provide mental health services to Mr. Beirne, including but not limited to, much needed psychiatric medication.

22.     Further, Jail staff assigned him to general population housing, where Mr. Beirne did not receive the enhanced monitoring his health demanded. Additionally, this exposed him to inmates who would prey on his impaired condition.

23.     He was housed with inmate Ricardo Ortega. Ortega had a significant criminal history including drug offenses.

24.     Due to the Jail staff's insufficient booking process and monitoring, and failure to protect its inmates, Ortega entered Ventura County Pretrial Detention Facility with

methamphetamine in his possession.  He had smuggled the drugs in rectally.  He was assigned to Mr. Beirne's cell and maintained possession of this methamphetamine while the two were housed together.

25.   On or about August 30, 2019, Mr. Beirne, who by this time was suffering severely from hismental illness, including hearing torturous voices, ingested a large quantity of methamphetamine that had been added to coffee.

26.   The quantity of methamphetamine had a greater potency than Mr. Beirne anticipated, and he began to suffer from the poisonous, toxic effects.

27.   Mr. Beirne and Ortega pressed the emergency intercom multiple times to summon assistance, but assistance came very slowly.

28.   In the interim, as he waited for deputies and medical staff to arrive, Mr. Beirne writhed in pain, choked on vomit, and gasped to breathe.

29.   Several minutes later, when deputies and medical staff finally arrived, they were ill equipped -- in training, level of care, and equipment.   Their efforts were not only unsuccessful, their inadequate response delayed and impeded appropriate steps which could have prevented Mr. Beirne's death.

30.   Ventura County Fire Department paramedics arrived to take over, but their assistance also failed to resuscitate him.

31.   It was over one hour before Mr. Beirne arrived at the hospital, which was only four miles away.

32.   Plaintiffs hereby contend that Mr. Beirne died as a direct result of the County's deliberate indifference to his health and well-being, negligence, failure to summon appropriate care and other torts related to its failure to meet the standard of care and comply with the law.  But for this conduct, Mr. Beirne would have survived.

33.   In addition, those in policy making and supervisor positions, whose names are currently unknown to claimants, were deliberately indifferent and negligent in their supervision of the custody and care provided at the Ventura County Pre-trial Detention Facility and in their failure to train subordinates, including personnel whose names are

currently unknown to claimants.  These failures were contributing causes of Mr. Beirne's death

34.     As a result of the above facts, the Decedent suffered extreme pain and suffering and eventually suffered a loss of life and earning capacity.  Plaintiffs have been deprived of life-long love, companionship, comfort, society, care, and sustenance of Decedent and will continue to be so deprived for the remainder of their natural lives.  Claimants also claim funeral and burial expenses and a loss of financial support.

## IV.     FIRST CAUSE OF ACTION – DELIBERATE INDIFFERENCE DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983
### Against all Defendants

35.     Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

36.     At all times relevant hereto, defendants were acting in the course and scope of their employment with Defendant County and under color of law.

37.     Plaintiffs are informed and believe, and based on such information and belief, alleges that Defendants, and each of them acted with deliberate indifference for Alexander Beirne's reasonable security, by failing to provide an adequate medical and mental health evaluation upon admission to the Jail, failing to monitor Alexander Beirne's medical and mental health after his incarceration despite knowledge of his impaired mental health condition, failing to provide medical and mental health care, including necessary medication, despite his multiple requests for assistance, and assigning Beirne to general population where he was deprived of enhanced monitoring and exposed to inmates who preyed on him.  Defendants also acted with deliberate indifference by failing to adequately process, search and book inmates into the jail, failing to conduct ongoing contraband searches, and otherwise failing to address their well-known problem of dangerous drugs in the facility. Defendants were further deliberately indifferent in their inadequate, delayed and harmful response to Beirne's overdose.

38.     Due to the Defendants' deliberate indifference to the serious nature and life-threatening condition of Alexander Beirne, and their failure to timely intervene to provide reasonable security, monitoring and safety necessary in order to prevent his efforts to harm himself, Alexander Beirne suffered preventable serious injury and harm after ingesting methamphetamine while incarcerated. Alexander Beirne was subjected to deprivation of rights by the Defendants, and each of them, acting under color of law and of statutes, ordinances, regulations, customs and usages of the Law of United States, State of California, which rights included, but are not limited to, privileges and immunities secured to Alexander Beirne by the Fourteenth or Eighth Amendments to the United States Constitution and laws of the United States, and particularly:

> a) his right to access to mental health and medical care and treatment for his serious but treatable condition; and
>
> b) his right to adequate, reasonable security, monitoring, supervision, classification and housing for his mental health and medical disabilities, each of which was also a cause of his serious injury and harm; and
>
> c) his right to reasonable measures to guarantee his safety including protection from other prisoners and harm by contraband.

## V.    SECOND CAUSE OF ACTION MONELL VIOLATIONS – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

### Against Defendant County of Ventura and Defendant Ayub

39.    Plaintiffs reallege each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

40.    Plaintiffs are informed and believe and thereon alleges that, at all times herein mentioned, Defendants with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs, engaged in the unconstitutional conduct and omissions as is specifically elaborated above.

41.    At all times herein mentioned, Defendants, ratified the wrongful acts of the individual Defendants. The individual Defendants' wrongful conduct was the result of

policies, practices and customs to subject detained individuals at the Ventura County Pretrial Detention Facility to unconstitutionally inadequate treatment for persons with mental health conditions and who suffer from addiction to controlled substances; permit and promote unsafe conditions for detained persons leading to a heightened risk of harm; and cover-up incidents of unconstitutional behavior by members of its Ventura County Pretrial Detention Facility.

42.     The actions and inactions of the Defendant County, including its detention facility staff as set forth above, were known, or should have been known to the policy makers responsible for the County of Ventura, and occurred with deliberate indifference to either the recurring constitutional violations elaborated above, and/or to the strong likelihood that constitutional rights would be violated as a result of failing to train, supervise or discipline in areas where the need for such training and supervision was obvious.

43.     The actions of the Ventura County Pretrial Detention Facility, including its corrections officers, sheriffs, and civilian staff, set forth herein, were a motivating force behind the violations of Plaintiffs' constitutional rights as set forth in this Complaint.

44.     As a direct and proximate result of Defendant County of Ventura's acts and omissions, condoning, encouraging, ratifying and deliberately ignoring the pattern and practice of Defendants' and of DOES 1 through 100's acts and omissions, Plaintiffs sustained injury and damage as set forth herein.  As a result of Defendants', and each of their, violations of decedent Alexander Beirne's constitutional rights as set forth herein, Plaintiffs were damaged as alleged above.


## VI.     THIRD CAUSE OF ACTION FAILURE TO SUPERVISE AND TRAIN CAUSING CONSTITUTIONAL VIOLATIONS – DEPRIVATION OF CIVIL RIGHTS, 42 U.S.C. § 1983

### Against Supervisory Defendants Ayub and DOES 1 through 100

45.     Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

46.   At all times relevant hereto, defendants were acting in the course and scope of their employment with Defendant County and under color of law.

47.   Plaintiffs are informed and believe and thereon alleges that defendants Chief Ayub and DOES 1 through 100 knew, or in the exercise of reasonable care, should have known of a history and propensity and pattern at the time of this incident for employees at the Ventura County Pretrial Detention Facility to fail to provide reasonable security, monitoring and supervision of detained persons such as Alexander Beirne; to fail to adequately screen and book inmates into the facility in order to prevent dangerous contraband from entering and remaining in the facility; to fail to comply in implementing policies and procedures or ensuring the enforcement thereof; to fail to train and ensure that officers, employees and medical care providers provide reasonable security and monitoring of individuals such as Alexander Beirne and that they provide prompt and competent access and delivery of medical and mental health care.  Defendants' Chief Ayub and DOES 1 through 100 disregard of this knowledge, or failure to adequately investigate and discover and correct such acts or failures to act, was a moving force which caused the violation of decedent's constitutional rights.

48.   Plaintiffs are further informed and believe and thereon allege that Defendants Chief Ayub, and DOES 1 through 100 knew, or in the exercise of reasonable care should have known, of a pattern or practice of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, and that Defendants Ayub and DOES 1 through 100 had a duty to train and instruct their subordinates to prevent similar acts to other inmates, but failed to take steps to properly train, supervise, investigate or instruct officers, counselors, physicians and nurses, and/or agents or employees, and to retain officers, counselors, social workers, physicians and nurses who had a history of inappropriate conduct, and, as a result, Alexander Beirne was harmed in the manner threatened by the pattern or practice.

49.   Plaintiffs are further informed and believe and thereon allege that Defendant Chief Ayub and DOES 1 through 100 set in motion a series of acts by his subordinates, or knowingly refused to terminate a series of acts by his subordinates that he knew or

reasonably should have known would cause the subordinates to deprive Beirne of these rights.

50.     Plaintiffs are further informed and believe and thereon allege that Defendant Chief Ayub and DOES 1 through 100 disregarded a known or obvious consequence that a particular training deficiency, including the failure to properly screen inmates for contraband, would cause his subordinates to violate Beirne's rights.

51.     At all times herein mentioned, and prior thereto, Defendants Ayub and DOES 1 through 100 had the duty to perform the following, and violated that duty:

a) To train, supervise, and instruct police officers, counselors, social workers, nurses, physician assistants, physicians, and other agents to ensure that they respected and did not violate federal and state constitutional and statutory rights of individuals detained at the Ventura County Pretrial Detention Center;

b) To objectively and diligently investigate incidents of in-custody injury, death, overdose and to take remedial action;

c) To provide access to and delivery of mental and medical health care, intervention, treatment, follow-up, and attention to injured, and mentally and physically ill individuals, the lack of which resulted in serious injury or loss of life, and to provide access and delivery of competent mental and medical health care;

d) To periodically monitor a detained person's serious mental health and medical condition, the lack of which may result in serious injury or loss of life;

e) To periodically monitor the quality and adequacy of mental health and medical care, attention, treatment and response provided to detained individuals;

f) To periodically monitor the competency of medical and custodial staffing to ensure that custodial officers and staff were providing reasonable security to inmates with disabilities who were being detained at the Ventura County Pretrial Detention Facility;

g) To comply with the statutory guidelines and regulations enacted for the protection of individuals held in a custodial setting;

h) To periodically train officers, custodial staff, and medical and mental health personnel on understanding, recognizing, reporting and responding to issues of inmates' mental health care and treatment;

i) To train officers and custodial staff to properly search, screen, and monitor individuals at booking and thereafter so as to ensure no dangerous contraband is smuggled into or thereafter kept at the facility; and

j) To train officers, custodial staff, and medical and mental health personnel to properly segregate inmates based on their mental and physical health as well as based on the dangers inmates pose to one another.

54.     As a legal result of the conduct of Defendants Ayub, DOES 1 through 100, plaintiffs were damaged as alleged herein and as set forth herein.


## VII.   FOURTH CAUSE OF ACTION VIOLATIONS OF SUBSTANTIVE DUE PROCESS – DEPRIVATION OF CIVIL RIGHTS, 42. U.S.C. § 1983

### Against all Defendants other than Defendant County

55.     Plaintiffs reallege each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

56.     The present cause of action is brought pursuant to section 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution.

57.     At all times relevant herein, Defendants were acting in the course and scope of their employment with Defendant County and under color of law.

58.     As the natural and lawful parents of Alexander Beirne, Plaintiffs had a cognizable substantive due process interest to be free from unwarranted interference in their familial relationship with their son.

59.     As a result of the misconduct, acts and omissions of Defendants, as alleged above, Alexander Beirne was caused to lose his life in violation of his procedural and substantive due process rights.

60.     As a direct and proximate result of the aforementioned intentional misconduct, acts and omissions of Defendants, as alleged above, the substantive due process rights of

plaintiffs not to be deprived of the comfort, support, services, companionship and society of their son by the unwarranted interference in their relationship with their son has been violated.

61.    As a direct and proximate result of the aforementioned intentional misconduct, acts and omissions of Defendants, as alleged above, Plaintiffs have suffered extreme and severe mental anguish and pain and have been injured in mind and body, all to their general damage, which is hereby sought, according to proof. This as a result of being deprived of the love, affection, companionship of their son Alexander Beirne who died as a result of the intentional and malicious acts and omissions as described above in the preceding causes of action.

62.    The aforementioned intentional misconduct, acts and omissions were willful, wanton, malicious and oppressive and done with the intent to deprive the present Plaintiffs of their constitutional rights, thereby justifying the awarding of exemplary and punitive damages as to Defendants.

## VIII.   FIFTH CAUSE OF ACTION WRONGFUL DEATH- NEGLIGENCE
### Against All Defendants

63.    Plaintiffs repeat, reallege, and incorporate each and every allegation contained in each of the paragraphs above, as though fully set forth herein.

64.    Plaintiffs are informed and believe, and based on such information and belief, alleges that Defendants were negligent in their failure to exercise ordinary care by failing to provide an adequate medical and mental health evaluation upon admission to the Jail, failing to monitor Alexander Beirne's medical and mental health after his incarceration despite knowledge of his impaired mental health condition, failing to provide medical and mental health care, including necessary medication, despite his multiple requests for assistance, and assigning Beirne to general population where he was deprived of enhanced monitoring and exposed to inmates who preyed on him.  Defendants were also negligent in failing to adequately process, search and book inmates into the jail, failing to conduct ongoing contraband searches, and otherwise failing to address their well-known

problem of dangerous drugs in the facility. Defendants were further negligent in their inadequate, delayed and harmful response to Beirne's overdose.

65.     Defendants failed to meet their obligation of ordinary care for the selection, promotion, supervision, training, discipline and retention of Doe officers and other personnel working with persons who have mental illness, medical conditions, or are under the influence of controlled substances or other drugs; Defendants' affirmative conduct involves their knowing failure to ensure enforcement of laws, policies, rules or directives that set-in motion a series of acts by others which they knew or reasonably should have known would cause others to inflict injuries, including a constitutional injury, on decedent Alexander Beirne.

66.     At all times relevant hereto, defendants were acting in the course and scope of their employment with Defendant County.

67.     As a direct and proximate cause of the negligence of said defendants, and each of them, decedent Alexander Beirne was hurt and injured in his health, strength, and activity, and was ultimately killed on or about August 30, 2019. He suffered unjustifiable and substantial physical pain and mental suffering before his death.

68.     As a direct and legal result of the negligence of said defendants, and each of them, Plaintiffs have been deprived of decedent's love, care, comfort, affection, society, presence, companionship, protection, future support, financial support and services, and a loss of intangible qualities of familial relationship. The foregoing has caused Plaintiffs to suffer economic and non-economic damages.

69.     As a further direct and legal result of the death of Alexander Beirne, Plaintiffs, as successors in interest to the decedent, have incurred and are responsible for the payment of funeral, burial expenses, and other related expenses following his death.

70.     As a further direct and legal result of the negligence of said defendants, and each of them, decedent Alexander Beirne was killed and Plaintiffs sustained the damages as hereinabove alleged.

71.     Defendant County of Ventura is vicariously liable for the acts of their employees under Government Code §815.2.

## IX.    SIXTH CAUSE OF ACTION – GOVT. CODE § 845.6

### Against all Defendants

72. Plaintiffs reallege each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

73.    Agents and employees of Defendants knew or had reason to know that Alexander Beirne was in need of immediate medical attention, treatment, observation and monitoring, including paramedic care, appropriate medication, and transfer to an inpatient facility or higher level of care for a serious condition and each failed to take appropriate action to summon or provide such care.

74.    Such persons were acting within the scope of their employment for Defendant County and Chief Ayub who knew or had reason to know that such employees, or agents, failed to take action in violation of §845.6.

75.     As directly and proximately caused by Defendants' actions above, Plaintiffs sustained injuries and damages as set forth herein.

76.    Defendant County of Ventura is vicariously liable for the acts of their employees under Government Code §815.2.

## X. SEVENTH CAUSE OF ACTION – BANE ACT §52.1

### Against all Defendants

77.    Plaintiffs reallege each of the paragraphs above, as well as any subsequent paragraphs contained in the Complaint, as if fully set forth herein.

78.    Defendants, by their acts or omissions, customs and policies, acted with violence, or with threats, intimidation, and coercion and to violate Alexander Beirne's and Plaintiffs' rights under the constitutions of the United States and California and laws of each including:

    a.    Alexander Beirne's rights as provided for by the Fourteenth and Eighth Amendments to the United States Constitution as well as the Article 1, Sections 7 and 13 of the California Constitution to be free from deliberate indifference to serious medical needs while incarcerated by Defendants in their jail;

b. Alexander's rights as provided for by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution as well as Article 1, Sections 7 and 13 of the California Constitution of due process of law as a pretrial detainee or prisoner.

c. Plaintiffs' rights provided for by the Fourteenth Amendment to the United States Constitution to be free from wrongful interference from the government is their right to companionship, society, and support by Alexander Beirne;

d. The right to protection from bodily harm and restraint as provided by the California Civil Code § 43;

e. The right to emergency medical care as provided by California Government Code §845.6;

f. The right to enjoy and defend life and liberty, possess property, and pursue safety, happiness, and privacy as provided by Article 1, Section 1 of the California Constitution

79. As directly and proximately caused by Defendants' actions above, Plaintiffs sustained injuries and damages as set forth herein.

80. Defendant County of Ventura is vicariously liable for the acts of their employees under Government Code §815.2.

///
///
///
///
///
///
///
///
///
///

PLAINTIFFS' COMPLAINT FOR DAMAGES

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

1. For general and compensatory damages, in a sum according to proof at trial;

2. For special damages in an amount according to proof;

3. For punitive and exemplary damages against each individual and Doe Defendant, but not against Defendant County, in an amount according to proof;

4. For interest as allowed by law;

5. For cost of suit including attorney's fees pursuant to 42 U.S.C. § 1988 and California Civil Code § 52.1 *et seq*; and

6. For such other and further relief as the court may deem proper.


**LESSEM, NEWSTAT, & TOOSON, LLP.**

DATED: April 13, 2020

By:

/s/ Jeremy I. Lessem
Jeremy I. Lessem
Attorney for Plaintiffs


**LAW OFFICE OF KAREN C. JOYNT**

DATED: April 13, 2020

By:

/s/ Karen Joynt
Karen Joynt
Attorney for Plaintiffs

///
///
///
///

PLAINTIFFS' COMPLAINT FOR DAMAGES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY DEMAND

Plaintiff hereby demands trial by Jury on all issues so triable.


**LESSEM, NEWSTAT, & TOOSON, LLP.**

DATED: April 13, 2020

By:

/s/ Jeremy I. Lessem
Jeremy I. Lessem
Attorney for Plaintiffs


**LAW OFFICE OF KAREN C. JOYNT**

DATED: April 13, 2020

By:

/s/ Karen Joynt
Karen Joynt
Attorney for Plaintiffs

PLAINTIFFS' COMPLAINT FOR DAMAGES